IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 6:21-CR-128-ADA-1 |
| | § |
| CODY RAMON ROBERT NOLAN | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

Cody Nolan was originally charged in a 1-count indictment filed on or about August 10, 2021, for Possession of a Firearm by a Convicted Felon. On December 11, 2024, Cody Nolan was sentenced to twenty-four (24) months incarceration followed by a three (3) year term of supervised release.

On November 4, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Mandatory Condition Number 7, if

the judgement imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the schedule of payments sheet of the judgement.

**Violation Number 2**:  The defendant violated Mandatory Condition Number 8, the defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

**Violation Number 3:**  The defendant violated one of his special conditions, the defendant shall participate in a mental health treatment program and follow the rules and regulations of that program.

**Violation Number 4:**  The defendant violated one of his special conditions, the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program.

**Violation Number 5**: The defendant violated one of his special conditions, the defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance, The defendant shall not attempt to obstruct or tamper with the testing method.

**Violation Number 6:** The defendant violated mandatory condition number 3, the defendant shall refrain from any unlawful use of a controlled substance.

**Violation Number 7:** The defendant violated mandatory condition number 3, the defendant shall refrain from any unlawful use of a controlled substance.

**Violation Number 8:**  The defendant violated standard condition number 9, if the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

**Violation Number 9:** The defendant violated one of his special conditions, the defendant shall not attempt to obstruct or tamper with drug testing methods.

**Violation Number 10:** The defendant violated Standard Condition Number 7, the defendant shall work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full time employment, he or she shall try to find full time employment unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of

becoming aware of a change or expected change.

On November 25, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to violation numbers 1, 2, 3, 4, 5, 6. 7. 8. 9, and 10. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6. 7. 8. 9, and 10.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6. 7. 8. 9, and 10.
3. The defendant had both a factual and rational understanding of the proceedings against him.
4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6. The defendant was sane and mentally competent to stand trial for these proceedings.
7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6. 7. 8. 9, and 10.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation numbers 1, 2, 3, 4, 5, 6. 7. 8. 9, and 10.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant be continued on his term of supervised release with the additional condition of participating in in-patient substance abuse treatment as determined by the probation officer. The undersigned further **RECOMMENDS** that the defendant is to stay in custody until a bed is available in an in-patient treatment facility. Finally, the undersigned **RECOMMENDS** that if the defendant commits a future violation of the terms

of supervised release, the defendant is to be brought before the undersigned for any hearing on the violation, if possible.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 26th day of November, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE